# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHER DISTRIC OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) Case No. 13-20523 |
| DEBORAH JACKSON, | ) Chapter 13 |
| Debtor | ) Judge Jack B. Schmetterer |

| | |
|---|---|
| Deborah Jackson, | ) |
| Plaintiff | ) Adversary Proceeding |
| v. | ) No. 13 AP 01159 |
| U.S. Bank, N.A., | ) |
| Defendant. | ) |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff, Deborah Jackson, having filed this Adversary Proceeding on September 17, 2013, and Default Order having been entered against the Defendant, U.S. Bank, N.A., on November 4, 2013, the following Findings of Fact and Conclusions of Law are hereby entered:

## FINDINGS OF FACT

1.  The Plaintiff is Deborah Jackson ("Plaintiff").
2.  The Defendant is U.S. Bank ("Defendant").

3. The Plaintiff is the owner of the property commonly known as 734 E. 105th Place, Chicago Illinois 60628 ("the home"). The home consists of a house and the lot upon which it sits.

4. On October 10, 2010, the Plaintiff entered into a loan agreement with the Defendant for $65,280.16 to be paid over 360 months at 5.49% interest.

5. The Defendant holds the first mortgage lien on the home.

6. The Defendant has not yet filed a proof of claim in relation to its mortgage interest.

7. In addition to taking a lien against the Plaintiff's home, the Defendant, in the same October 10, 2010 loan document, also took a security interest against the Plaintiff's depository accounts at U.S. Bank, N.A. Specifically, Defendant took a security interest in Plaintiff's "deposit accounts and other rights to the payment of money from U.S. Bank, N.A.," and "Collateral securing other loans with you may also secure this loan."

8. Plaintiff obtained an appraisal of the home by a certified appraiser on February 14, 2013. The home appraised for $11,000.00.

7. On July 22, 2013, Ms. Jackson filed a Modified Chapter 13 Plan (Plan) that proposes to modify the rights of Defendant.

8. Under the Plan, the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $225.00 for 60 months.

9. Plaintiff's source of income on Schedule I is Social Security in the amount of $1,052 which is wholly exempt.

10. On September 17, 2013, Plaintiff issued a complaint pursuant to 11 U.S.C. § 1322(b)(2) seeking to modify the Defendant's lien.

11. On September 17, 2013, Plaintiff issued a summons which was served in accordance with Rule 7004 of the Federal Rules of Bankruptcy Procedure by certified mail, postage prepaid to an officer of the Defendant at BC-MN-H210 800 Nicollett Mall, Minneapolis, MN 55402-4302.

12. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

13. No evidence has been presented to challenge that the Defendant has taken additional security in Plaintiff's depository accounts.

14. No evidence has been presented to challenge the appraised value of $11,000.00.

## **CONCLUSIONS OF LAW**

**A.  Jurisdiction**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157 in that this action arises in and relates to the bankruptcy case.

2. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (K).

3. Venue is proper in this district under 28 U.S.C. § 1409(a).

**B.  Argument**

4. This action was initiated pursuant to 11 U.S.C. § 1322(b)(2).

5. The Debtor scheduled the secured claim of U.S. Bank for $66,590.00 including its interest in her depository accounts of $355.00 and its interest in the home of $66,235.00.

6.  Defendant obtained a security interest in property of the Plaintiff other than her principal residence, namely the Plaintiff's depository accounts held by the Defendant.

7.  The value of the Plaintiff's residence is $11,000.00.

8.  Section 1322(b)(2) allows the court to modify the rights of holders of secured claims when the debt is secured by property other than solely the principal residence. 11 U.S.C. § 1322(b)(2) (2011). Although the Seventh Circuit has not yet considered the issue, other courts have held that 1322(b)(2) allows debtors may modify the rights of secured claim holders in their plan when the creditor has taken a security interest in the debtor's depository accounts. *In re Johns*, 37 F.3d 1021, 1025 (3d Cir. 1994) (holding that § 1322(b)(2) does not bar modification of a mortgage secured by both real and personal property); *In re Hammond,* 27 F.3d 52, 57 (3d Cir. 1994) (concluding that "a mortgagee who wishes to avoid bifurcation of its claim on a residential mortgage must limit its lien to the real estate); *In re Larios*, 259 B.R. 675, 678-79 (Bankr.N.D.Illinois) (2001)(stating that it is the "conclusion of a majority of courts that § 1322(b)(2) was enacted to protect the lender whose only collateral is the traditional home mortgage); *In re Libby*, 200 B.R. 562, 567 (Bankr.D.New Jersey)(1996) (holding that the mortgagee's rights could be modified where its security instrument extended to all money, securities, and other personal property on deposit or in bank's possession or control regardless of whether the security was taken in fact. The court "looks definitively to the language of the loan").

DATED: Nov 22, 2013

Jack B. Schmetterer
United States Bankruptcy Judge
NOV 2 2 2013

**Prepared by:**
Jennifer A. Beardsley
MT ID 8680
LAF
120 S. LaSalle Street, Suite 900
Chicago, IL  60603
312-229-6385
jbeardsley@lafchicago.org